be sustained. An examination of the policy in question shows a community of interests on the part of all the underwriters in the contract. It contains a large number of conditions on the part of the insured, in the performance of all of which they have a common concern. After a loss has occurred, the insured is required to give notice of the same to the attorney in fact of all the underwriters, with whom he is required to deal in all matters affecting the liquidation of the amount. In fact, the whole scheme of the insurance, from its very inception down to the liquidation of the amount due upon the loss, contemplates action on the part of the underwriters exclusively through a common agent, designated as the general manager or attorney in fact. The community of interest is thus a matter of absolute demonstration, and the only differentiation that arises is in respect to the extent of the individual liability. Instead of each underwriter being liable in solido for the entire amount of the insurance, he is, in terms, responsible only for a proportionate part, but all have a common interest in the steps leading up to the ascertainment of the aggregate amount to which the plaintiff is entitled. In fact, this common interest in respect to the total liability under the contract is shown in one of the conditions of the policy, where it is said:

"The liability of each of the underwriters in case of any loss, and the amount insured by each underwriter, shall be his proportionate part of the aggregate amount payable to the assured upon such loss."

For the reasons which I have given, I am of the opinion that the case at bar finds a natural and proper place under the section in question. It is concededly within the letter of the statute, and I think it is equally clear that it is within its true meaning and intent. The demurrer is therefore overruled, with costs, with leave to the defendant to serve an answer within 20 days after the service upon him of a copy of the interlocutory judgment, on payment of costs.

---

ISEAR v. HOADLEY et al.

(Supreme Court, Special Term, New York County. February 12, 1896.)

Action by Scharize Isear against Russell H. Hoadley and others. Defendants demurred to the complaint. Overruled.

TRUAX, J. The demurrer is overruled, with costs, with leave to defendants to answer on payment of costs. See decision of Mr. Justice Beekman in Isear v. McMahon (Sup.) 37 N. Y. Supp. 1101.

---

EVANS et al. v. OGSBURY et al.

(Supreme Court, Appellate Division, First Department. March 20, 1896.)

1. APPEALABLE ORDER—RULING ON DEMURRER.
An appeal does not lie from an order overruling a demurrer, but must be taken from the interlocutory judgment entered after the order.